RDDJ

Sharrod Moten F-36382.
Post Office Box 5101
Delano CA 93216-6000

FILED
CLERK, U.S. DISTRICT COURT
2/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___GSA___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

February 13th 2025

UNITED STATES DISTRICT COURT

IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN<br><br>        Plaintiff,<br><br>vs.<br><br>CENTRAL DISTRICT COURT<br><br>        Defendant | Case No.: 2:25-cv-01603-CBM<br><br>FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS |

**Introduction**

Plaintiff asserts claims under a broad but interrelated framework of federal statutory and constitutional authority, each serving to redress the egregious governmental misconduct at issue. **The Federal Tort Claims Act (FTCA)** provides a mechanism through which the United States may be held liable for wrongful acts committed by its agents in the scope of their employment, ensuring that federal actors do not operate with impunity when their actions inflict tangible harm. Similarly, ***Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)**, stands as a cornerstone of constitutional accountability, allowing for direct claims against federal officials whose conduct violates fundamental rights.

In addition, Plaintiff's claims under **42 U.S.C. §§ 1983, 1985, and 1986** target a broader scheme of coordinated deprivation of rights. **Section 1983 provides a vehicle for redress where state actors, acting under color of law, infringe upon constitutionally protected liberties. Sections 1985 and 1986, in turn, address conspiratorial misconduct, where officials and their co-conspirators engage in orchestrated efforts to obstruct justice, retaliate against protected conduct, and suppress lawful claims**. Defendants' coordinated suppression of Plaintiff's legal filings, interference with due process, and obstruction of access to the courts constitute precisely the type of civil rights violations Congress sought to remedy under these provisions.

Moreover, **the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968,** provides an additional cause of action where government actors, through a pattern of fraudulent conduct, have engaged in a sustained scheme to deprive me of legal rights. The fraudulent suppression of court filings, intentional misrepresentation of procedural obligations,

==FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS== - 1

and systemic obstruction of lawful claims rise to the level of a racketeering enterprise, implicating **RICO's civil enforcement provisions.**

Additionally, Plaintiff asserts claims under the **Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A),** which mandates that administrative actions must not be arbitrary, capricious, or contrary to law. Here, Defendants have engaged in blatant procedural manipulation, suppressing filings, ignoring court mandates, and obstructing my ability to seek legal recourse. These actions constitute clear violations of the **APA**, warranting judicial intervention to rectify the ongoing deprivation of my statutory and constitutional rights.

Taken collectively, these claims paint a harrowing portrait of institutional abuse, systemic corruption, and an unrelenting effort to obstruct justice. Plaintiff invokes this Court's authority not merely to redress personal harm but to reaffirm the fundamental principle that no government actor, whether state or federal, may operate beyond the reach of the Constitution and the rule of law.

## I. Jurisdiction And Venue

This Court's jurisdiction is firmly established under a confluence of constitutional provisions, federal statutes, and controlling precedent, each of which underscores the gravity and justiciability of my claims.

At its core, this action arises under the Constitution of the United States and is predicated upon violations of **42 U.S.C. §§ 1983, 1985, and 1986, the Federal Tort Claims Act (FTCA), and the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968. Further solidifying this Court's authority is the seminal doctrine established in** *Bivens v. Six Unknown Named Agents***, 403 U.S. 388 (1971),** which unequivocally holds that federal actors may be held accountable for constitutional deprivations. Additionally, **the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A),** provides a statutory mechanism for judicial review of agency actions that are arbitrary, capricious, or contrary to law, precisely the type of misconduct alleged herein.

Jurisdiction is thus conferred pursuant to **28 U.S.C. §§ 1331, 1343(a)(3), 1346(b)(1), and 1367(a)**, each provision reinforcing this Court's authority to adjudicate federal constitutional claims, federal tort actions, and interrelated state-law violations arising from the same nucleus of operative facts. Moreover, venue is proper under **28 U.S.C. § 1402(b),** as the claims presented involve federal torts and constitutional infractions that have directly impacted Plaintiff.

Importantly, the propriety of venue is further dictated by judicial efficiency and fundamental fairness, as I have been systematically denied impartial adjudication within the Central District. Given the pervasive procedural irregularities and documented obstructions that have tainted prior proceedings, transferring venue is not merely a matter of convenience but an imperative measure to ensure that justice is not subverted by institutional bias or entrenched misconduct.

==FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS== - 2

## II. General Allegations

*Systemic Misconduct, Fraud, RICO Violations, and Conspiracy*

1. For over two years, officers of the Central District Court have engaged in a coordinated scheme of **systemic misconduct**, **embezzlement**, and **judicial fraud**, obstructing justice and depriving Plaintiff of his constitutional rights.
2. **Clerks of the Central District Court** played an instrumental role by:
    - **Concealing critical documents** and filings in violation of **18 U.S.C. § 2071**, which prohibits the removal or destruction of public records;
    - **Manipulating the docket** to delay proceedings and obstruct Plaintiff's access to justice;
    - **Intentionally withholding rulings** on motions to prolong litigation and shield defendants from accountability.
3. These actions, carried out under the guise of judicial authority, constitute an **abuse of process** and a violation of federal laws governing public records, transparency, and fair proceedings.

*RICO Violations and Embezzlement*

4. Defendants, including **Judge David O. Carter**, **Magistrate Sheri Pym**, **Deputy Attorney General Lisa Giarratano**, and **Attorney General Rob Bonta**, acted as part of an enterprise to:
    - **Embezzle funds** by inflating litigation costs and misappropriating resources allocated for fair adjudication;
    - **Facilitate extortion** through retaliatory legal actions and punitive measures against Plaintiff to prevent further litigation;
    - Engage in **mail and wire fraud** by falsifying court records, issuing fraudulent orders, and manipulating communications related to Plaintiff's cases.
5. Their conduct constitutes a violation of the **RICO Act**, specifically under **18 U.S.C. § 1962(c)**, for conducting the affairs of an enterprise (the Central District Court) through a pattern of racketeering activity, including **extortion**, **fraud**, and **retaliation**.

*Clerks' Role in Obstruction of Justice*

6. **Clerks of the Court**, acting in concert with judicial officers, engaged in obstruction by:
    - Refusing to process Plaintiff's filings in a timely manner;
    - Concealing or misplacing critical evidence and motions submitted by Plaintiff;
    - Coordinating with judicial officers to delay proceedings and suppress key rulings.
7. These actions directly violate **18 U.S.C. § 2071**, as well as Plaintiff's **due process** and **equal protection** rights under the Fifth and Fourteenth Amendments.

FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS - 3

## III. Causes of Action

### Count I: Violation of 42 U.S.C. § 1983

Defendants, under color of law, violated Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments by obstructing access to the courts, concealing records, and retaliating against Plaintiff's protected litigation activities.

### Count II: Abuse of Process

Defendants misused judicial processes, delaying proceedings and manipulating records to harm Plaintiff and shield themselves from accountability.

### Count III: RICO Violations (18 U.S.C. §§ 1961-1968)

Defendants, acting as part of an enterprise, engaged in a pattern of racketeering activity, including extortion, fraud, embezzlement, and retaliation, violating **18 U.S.C. § 1962(c)**.

### Count IV: Violation of 18 U.S.C. § 2071

Clerks and judicial officers willfully concealed and destroyed public records, obstructing justice and depriving Plaintiff of my right to fair proceedings.

### Count V: Malicious Prosecution and Fraud

Defendants pursued baseless and retaliatory legal actions against Plaintiff, misrepresented facts, and suppressed evidence to cause harm and emotional distress.

### Count VI: Retaliation and Cruel and Unusual Punishment

Defendants retaliated against Plaintiff for my litigation efforts, engaging in punitive actions, including harassment, denial of visitation, and administrative misconduct, violating the Eighth and Fourteenth Amendments.

### Count VII: Defamation (Slander and Libel)

Defendants made and facilitated false and damaging statements against Plaintiff, harming my reputation and causing significant emotional harm.

*Count VIII: Negligence and Reckless Behavior*

Defendants, acting within their roles as judicial officers, clerks, and representatives of the court, failed to uphold their duty of care owed to Plaintiff. By negligently handling filings, ignoring conflicts of interest, delaying rulings, and obstructing justice, Defendants:

- Breached their legal and professional obligations to ensure fair and impartial judicial proceedings;
- Demonstrated reckless disregard for Plaintiff's rights, exacerbating harm through intentional and negligent misconduct.

**Count IX: Racial Discrimination and Civil Aiding and Abetting Privilege Misuse**

Defendants, through their communications with Kern Valley State Prison (KVSP), engaged in and facilitated acts of racial discrimination and retaliation. Specifically:

1. **Racial Discrimination**: Defendants directed or enabled Sgt. Veith of KVSP to target African American inmates, including Plaintiff, on the patio in acts of retaliation. These actions were racially motivated and designed to suppress Plaintiff's lawful efforts to seek redress through the courts.
2. **Civil Aiding and Abetting Privilege Misuse:** Defendants abused their positions of authority by:

Engaging in improper communications with KVSP to orchestrate retaliatory measures against Plaintiff and other African American inmates.

Sending directives to harass and intimidate Plaintiff in response to my filing of a Cease Harassment Motion in the Central District Court on 4-5-23.

3. These actions **constitute violations of the Fourteenth Amendment's Equal Protection Clause and federal anti-discrimination statutes**, as well as a breach of their duty to act impartially and without racial prejudice.
4. The deliberate targeting of African American inmates not only caused Plaintiff emotional and physical harm but also perpetuates systemic racism and undermines the judicial system's integrity.

FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS - 5

## JUDICIAL NOTICES

Cases involving malicious prosecution and federal tort claims under 42 U.S.C. § 1983 in Los Angeles County and similar jurisdictions often include claims of wrongful conviction, prosecutorial misconduct, police misconduct, or fabricated evidence. Prisoners and wrongfully convicted individuals have won significant payouts for these types of civil rights violations. Here are some notable categories and cases:

1. **Wrongful Convictions and Malicious Prosecution:**

Obie Anthony v. Los Angeles County: Obie Anthony received a $13 million settlement after spending 17 years in prison due to a wrongful conviction based on false testimony and lack of disclosure of evidence. His § 1983 claim alleged that police and prosecutors engaged in misconduct and malicious prosecution by suppressing exculpatory evidence.

Frank O'Connell v. Los Angeles County: O'Connell received a $15 million settlement after 27 years of wrongful incarceration. His claim centered on fabricated evidence and witness manipulation by the Los Angeles Sheriff's Department, arguing it was a malicious prosecution case that violated his constitutional rights.

2. **Misconduct by Police and Prosecutors:**

Jamison v. Los Angeles County Sheriff's Department: Jamison, who was falsely accused and wrongfully held for a murder he didn't commit, won a settlement of several million dollars based on claims of fabricated evidence and coerced witness testimony. His case highlighted a pattern of investigative misconduct that supported his § 1983 malicious prosecution claim.

Juan Catalan v. City of Los Angeles: Catalan filed a malicious prosecution suit after being wrongfully accused of murder. He later won a settlement after demonstrating that prosecutors and police fabricated evidence and disregarded key alibis. His case emphasized the accountability of law enforcement agencies under § 1983 for violations of due process.

3. **Federal Tort Claims Act and § 1983 for Wrongful Convictions:**

Harold Hall v. Los Angeles County: Hall received a $2 million settlement after his conviction for a double murder was overturned due to prosecutorial and police misconduct, including forced confessions and suppression of exculpatory evidence. This case demonstrated how combined claims under § 1983 and the Federal Tort Claims Act could yield substantial settlements for malicious prosecution.

Korey Wise, Central Park Five (related jurisdiction but notable for FTCA): Although not in Los Angeles County, the Central Park Five case is an influential example of a large payout for malicious prosecution. The city settled with Wise and other members for $41 million, based on violations of their rights under § 1983, highlighting the impact of coerced confessions and misconduct

4. **Failure to Disclose Exculpatory Evidence (Brady Violations):**

==FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS== - 6

Michael Hanline v. Ventura County (near Los Angeles): After being wrongfully convicted of murder and serving 36 years, Hanline received a $10 million settlement. His § 1983 suit cited Brady violations, where prosecutors failed to disclose exculpatory evidence, supporting his malicious prosecution claim.

These cases reflect how § 1983 claims, particularly those involving malicious prosecution and federal torts, can lead to significant settlements or awards when prisoners demonstrate that their wrongful convictions resulted from egregious misconduct by law enforcement and prosecutors. The outcomes also underscore the court's recognition of constitutional violations under due process, often entailing high payouts for the suffering endured due to wrongful imprisonment.

6. **"Kids for Cash" Scandal – False Imprisonment & Civil Rights Violations**

Judges: Mark Ciavarella & Michael Conahan (Pennsylvania)

Crime: Illegally sentencing juveniles to for-profit detention centers in exchange for kickbacks, depriving them of due process.

Charges: Racketeering, fraud, money laundering, conspiracy.

Sentence: Ciavarella (28 years), Conahan (17.5 years).

Relevance to Your Case: This case demonstrates how judges can be held accountable for wrongfully imprisoning individuals for financial or political motives.

7. **Judge Samuel Kent – Retaliation & Civil Rights Violations**

Jurisdiction: Southern District of Texas

Crime: Abusing his judicial power, sexually assaulting female employees, and engaging in retaliation against those who spoke out.

Charges: Obstruction of justice, lying to investigators.

Sentence: 33 months in federal prison.

Relevance to Your Case: Shows how federal judges can face consequences for violating civil rights and engaging in misconduct under color of law.

8. **Judge Jack Camp – Racial Bias & Misconduct**

Jurisdiction: Georgia

Crime: Bought drugs and admitted to treating Black defendants unfairly in sentencing.

Charges: Drug possession, carrying firearms while committing drug offenses.

Sentence: 30 days in federal prison.

FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS - 7

  Relevance to Your Case: Demonstrates how racial bias in judicial rulings can be grounds for criminal liability.

  9. **Judge Thomas J. Maloney – Judicial Corruption & Fixing Cases**

   Jurisdiction: Cook County, Illinois

   Crime: Took bribes to fix murder cases, allowing wrongful convictions to stand while protecting guilty parties.

   Charges: Racketeering, conspiracy.

   Sentence: 15 years in prison.

   Relevance to Your Case: Shows how judges can be prosecuted for deliberately manipulating the legal process to harm defendants.

  10. **Judge Marcus Gordon – Racially Motivated Sentencing**

   Jurisdiction: Mississippi

   Crime: Known for disproportionately harsh sentencing against Black defendants, particularly in capital cases.

   Outcome: While never criminally charged, his rulings were overturned for racial bias and due process violations.

   Relevance to Your Case: Illustrates how racially motivated judicial misconduct can result in overturned convictions.

   False imprisonment & due process violations (Ciavarella, Conahan, Maloney) align with my claims of judicial conspiracy to prolong incarceration.

   Judicial retaliation & obstruction of justice (Kent) match my allegations of court officials tampering with my filings and procedural delays.

   Racial bias in judicial rulings (Camp, Gordon) supports your claim of racially discriminatory actions by court officials.

  11. **Judge Abel Limas – Bribery & Civil Rights Violations**

   Crime: Texas Judge Abel Limas accepted bribes and favors in exchange for favorable rulings, effectively corrupting the justice system.

   Charges: Racketeering and corruption.

   Sentence: Six years in federal prison.

   Significance: Limas manipulated the judicial process, violating due process rights.

==FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS== - 8

## Declaration of Sharrod Moten (F-36382)

I, Sharrod Moten, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and recollection:

5. I am currently incarcerated at Kern Valley State Prison and have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to these matters.

6. Over the course of my incarceration and legal proceedings, I have been subjected to systemic judicial misconduct, intentional procedural obstructions, and retaliatory administrative actions, all of which are meticulously documented through the referenced cases, filings, and interactions.

7. I affirm that the Commission on Judicial Performance has willfully disregarded multiple complaints I have submitted against Judge David O. Carter. These complaints highlighted a pattern of judicial overreach and collusion designed to unlawfully restrict my access to justice, manipulate the legal process, and fortify my wrongful incarceration under fraudulent pretenses.

8. I further assert that Deputy Attorney General Lisa Giarratano, acting in concert with other officials, including Attorney General Rob Bonta, has knowingly participated in an orchestrated effort to subvert the integrity of the judicial system. This includes the denial of over 200 filings in the Central District Court and the manipulation of case numbers 22-cv-04942 and 22-cv-01118, 23-cv-08737 multiple occasions, I have witnessed deliberate tampering with court filings by court clerks, including the alteration of dockets, denial of equal protection, and the infliction of emotional distress. These actions constitute a gross abuse of authority and a violation of my constitutional rights.

9. In furtherance of this conspiracy, Judge Theresa P. Magno, alongside Patrick E. Connolly, has taken calculated measures to prolong my unlawful detention, obstructing justice in direct contradiction of Penal Code sections 1170.1(f), 1170.1(g), 654, and 1172.75. AB 333 as my case being open, AB620, SB-483, 12022.7, Their coordinated actions are indicative of a broader intent to deprive me of my right to due process and to suppress the truth regarding my wrongful conviction.

10. I also testify that extrajudicial communications between Judge David O. Carter, Magistrate Sheri Pym, and Kern Valley State Prison personnel have incited racially discriminatory administrative actions against me, including retaliatory measures stemming from my legal efforts to seek justice in case 22-cv-04942, 24-cv-05942, 24-cv-00043, 23-cv-00068.

11. I have sought judicial redress through all available means, including federal tort claims under 42 U.S.C. §§ 1983, 1985, and 1986. However, systemic retaliation, collusion, and deliberate negligence have continuously thwarted my efforts.

FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS - 9

12. I aver that visitation cancellations throughout my 15 years of incarceration have been unjustified and exclusively retaliatory in nature, aimed at suppressing my constitutional rights and inflicting undue emotional harm.

13. In light of the pervasive retaliation and collusion in my current jurisdiction, I am compelled to seek a motion for a change of venue to ensure impartial adjudication of my claims and a fair review of the documented misconduct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and recollection.

## IV. Relief Requested

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1. **Award compensatory damages** in the amount of **$100 million** for violations of Plaintiff's constitutional rights, emotional distress, and the harm caused by Defendants' racketeering activity.
2. **Award punitive damages** in the amount of **$10 million** to deter similar misconduct.
3. **Issue an injunction** requiring the Central District Court to adopt reforms ensuring transparency, accountability, and protection of litigants' rights, including safeguards against clerks concealing or delaying filings.
4. **Order the recusal** of specific officers of the court, including Judge David O. Carter and Magistrate Sheri Pym, Herman D. Vera from all future proceedings involving Plaintiff.
5. **Appoint an independent monitor** to oversee judicial proceedings in cases involving Plaintiff to ensure fairness and adherence to constitutional standards.
6. Grant a jury trial on all claims so triable.
7. Grant any other relief this Court deems just and proper.

*[signature]*

**Respectfully Submitted,**
**Sharrod Moten (F-36382)**
**Pro Se Plaintiff**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 FEDERAL TORT CLAIMS, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986, CIVIL RICO, FRAUD, AND ADMINISTRATIVE PROCEDURE ACT VIOLATIONS - 11